IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLARENCE WESLEY HURT, III,                 3:14-cv-00633-MA

        Plaintiff,                                         ORDER

   v.

STATE OF OREGON, et al.,

        Defendants.

MARSH, Judge

    Plaintiff, an inmate at Multnomah County Detention Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2014, I dismissed plaintiff's complaint for failure to state a claim. Currently before the court are plaintiff's Amended Complaint (#15), "Motion of Obstruction of Due Process" (#16), Motion for Restraining Order (#17), and "Motion for Emergency Court Intervention" (#18).

///

///

///

///

1 - ORDER

## DISCUSSION

I. **Amended Complaint**

- **Failure to Adequately Identify Defendants**

In the caption of plaintiff's amended complaint, plaintiff lists as defendants Multnomah County, "Multnomah County Sheriff's Department Personnel," Multnomah County Department of Community Justice, and Chris O'Connor. In the text of the amended complaint, however, plaintiff omits all of the entities, and includes the names of nine additional individuals.

In my previous order, plaintiff was advised that he must list the names of all defendants in the caption of a complaint. Order (#9) at 2 (citing Fed. R. Civ. P. 10(a)). Plaintiff has again failed to do so--rendering it impossible to determine who plaintiff seeks to include as defendants. Moreover, plaintiff fails to allege how five of the individual defendants (Peterson, Dimond, Pina, Glaze, and Kame) were personally involved in the alleged constitutional violations. Accordingly, it is ordered that plaintiff shall file a second amended complaint listing all of the defendants in its caption, and alleging how each defendant was personally involved in the alleged constitutional violations.

- **Claim for Relief One**

In his first claim for relief, plaintiff alleges that his Sixth, Eighth, and Fourteenth Amendment rights were violated because he was not brought before a judge within 14 days of his

2 - ORDER

arrest for the violation of his probation. Plaintiff attributes this failure to his probation officer ("Nadine"), Judge Allen, and Assistant Public Defender Chris O'Connor. For the reasons set forth in my previous order, this claim is DISMISSED as to defendants Allen and O'Connor. See Order (#9) at 3-5. Additionally, because plaintiff has failed to allege how his probation officer was personally involved in the alleged delay, plaintiff fails to state a claim against Officer Nadine.

- **Claim for Relief Two**

In his second claim for relief, plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was denied. In support of this claim, plaintiff alleges that Deputy Beardsley made sexually harassing comments and, when plaintiff refused to engage in sexual conduct, Beardsley retaliated by writing a disciplinary report.

Deputy Beardsley's alleged conduct does not give rise to an *Eighth* Amendment claim. Watison v. Carter, 668 F.3d 1108, 1113-14 (9th Cir. 2012). Further, plaintiff has failed to allege how any other named defendant (including Sergeant Nicolious) was personally involved in the alleged constitutional violation. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Accordingly, plaintiff has failed to state a claim. Although plaintiff may be able to state a retaliation claim, such a claim arises under the First Amendment,

3 - ORDER

not the Eighth. Accordingly, plaintiff's second claim for relief is dismissed, with leave to amend to allege a First Amendment retaliation claim against Deputy Beardsley.[1]

- **Claim for Relief Three**

In his third claim for relief, plaintiff alleges that he was denied adequate medical care. Because plaintiff fails to attribute this alleged constitutional violation to any defendant, plaintiff fails to state a claim.

For all of these reasons, plaintiff's amended complaint is DISMISSED, with leave to amend, for failure to state a claim.

II. **Motions for Injunctive Relief**

In motions (#17 & #18), plaintiff moves for a "restraining order" requiring the defendants to transfer him from restrictive housing to "Mental Health General Population." Plaintiff complains that while in restrictive housing, he is confined for 22 hours per day. In motion (#16), plaintiff moves the court to order jail personnel to provide plaintiff (1) envelopes, pencils, and file folders; (2) legal calls to the courts and the District Attorney's

---

[1] A First Amendment retaliation claim has five elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) the defendant took adverse action against the plaintiff; (3) a causal connection exist between the adverse action and the plaintiff's protected conduct; (4) the official's acts would chill or silence a person of ordinary firmness from future First Amendment activities or some other harm; and (5) the retaliatory action did not advance legitimate goals of the correctional institution. Watison, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

4 - ORDER

Office; (3) access to legal copies without question; and (4) access to telephone calls from any source and to mail without delay.

Because plaintiff's amended complaint has been dismissed, plaintiff cannot demonstrate either a likelihood of success on the merits, or serious questions going to the merits of his claims. See Assoc. des Eleveurs de Canards et D'Oies Du Quebec v. Harris, 729 F.3d 937, 944 (9th Cir. 2013), *petition for cert. filed* (April 28, 2014) (setting forth requirements for injunctive relief). Further, plaintiff has not demonstrated why injunctive relief should be ordered without notice to the defendants (none of whom have been served), nor has he made the necessary showing for a mandatory injunction. Fed. R. Civ. P. 65(b)(1); Leigh v. Salazar, 677 F.3d 892, 902 (9th Cir. 2012)(mandatory injunctive relief is particularly disfavored and should be denied unless the facts and law clearly favor the moving party). Accordingly, injunctive relief is not warranted.[2]

## CONCLUSION

Based on the foregoing, plaintiff's amended complaint is DISMISSED for failure to state a claim. Plaintiff may file a second amended complaint, curing the deficiencies noted above,

---

[2] It is worthy of note that (1) plaintiff's numerous filings refute his assertion that he has been denied a writing instrument or envelopes for mailing; and (2) plaintiff has failed to include in his amended complaint a claim for the denial of access or a First Amendment claim regarding restrictions on his receipt of telephone calls and mail.

within 30 days of the date of this order. Failure to file a second amended complaint shall result in the dismissal of this proceeding. Plaintiff's motions for injunctive relief (#16-#18) are DENIED.

IT IS SO ORDERED.

DATED this **20** day of May, 2014.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

6 - ORDER